UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
MARVIN HENRY, : CASE NO. 1:15 CV 1815
:
       Plaintiff, :
:
vs. : OPINION & ORDER
:
STATE OF OHIO, *et al.*, :
:
       Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    *Pro se* plaintiff Marvin Henry has filed this *in forma pauperis* civil action against the "State of Ohio, or [the] City of Galion" and Assistant Law Director David Keller. The complaint sets forth no factual allegations, or any allegations intelligible to the Court. The sum total of the plaintiff's complaint consists entirely of a heading stating: "Racketeer Influenced and Corrupt Organizations Title or Trespass Assult [sic], Libel & Slander Harassment Intimidation Wrongfull [sic] Prosecution Uncontolled LHE Zoning Rule 605(A) Dumping." (Doc. No. 1.)

    Although the standard of review for *pro se* pleadings is liberal, it requires more than mere assertions of legal conclusions. *Bassett v. Nat'l Collegiate Athl. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). *Pro se* plaintiffs are still required to meet basic pleadings requirements, and a court is not required to conjure allegations on his behalf. *See Erwin v. Edwards*, 22 Fed. App'x 579, 2001 WL 1556573 (6th Cir. Dec. 4, 2001). In addition, federal district courts are required, under 28 U.S.C. §1915(e)(2)(B), to screen and *sua sponte* dismiss before service any *in forma*

*pauperis* action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). In order to survive dismissal, a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill*, 630 F.3d at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)).

The plaintiff's complaint must be dismissed because it does not contain allegations reasonably suggesting the plaintiff has any plausible federal civil claim against the defendants. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a complaint must "give the defendants 'fair notice of what the plaintiff's claim is and the grounds upon which it rests'").

Accordingly, the plaintiff's motion to proceed *in forma pauperis* is granted, but his action is dismissed in accordance with 28 U.S.C. §1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: November 29, 2015           *s/   James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE